Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| ASOCIACIÓN DE PROPIETARIOS VEGA SERENA, INC.<br><br>Apelante<br><br>v.<br><br>NSB VEGA BAJA, LLC<br><br>Recurrido | KLAN202400718 | *Apelación,*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2024CV01566<br><br>Sobre: Injunction, Ley Núm. 161 |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

**Rivera Pérez, Jueza Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de septiembre de 2024.

Comparece ante nos la Asociación de Propietarios Vega Serena, Inc. (en adelante, Asociación de Propietarios) mediante un recurso de *Apelación* y nos solicita la revisión de la *Sentencia* dictada y notificada el 10 de junio de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI). Mediante dicho dictamen, el TPI declaró Ha Lugar la *Moción de Desestimación* presentada por NSB Vega Baja, LLC (en adelante, NSB) el 12 de abril de 2024. En consecuencia, se desestimó con perjuicio el presente caso y se le impuso a la Asociación de Propietarios el pago de $1,500.00 por concepto de honorarios de abogado por temeridad, más costas y gastos.

Por los fundamentos que expondremos, se confirma la *Sentencia* apelada.

**I**

El 18 de marzo de 2024, la Asociación de Propietarios, representada por su presidente el Sr. René Ronda Rivera, presentó

una *Demanda* sobre *injunction* en contra de la compañía NSB al amparo del Artículo 14.1 de la Ley Núm. 161-2009, según enmendada, *"Ley para la Reforma del Proceso de Permisos de Puerto Rico"*, 23 LPRA 9024.[1] En síntesis, la Asociación de Propietarios solicitó que se declarara ilegal una obra de construcción de la compañía desarrolladora NSB asociada al desarrollo del proyecto de la Urbanización La Sabana en el predio colindante, por no contar con los permisos de construcción correspondientes. Además, solicitó que se ordenara la paralización y demolición de dicha obra de construcción y que se le impusiera a NSB el pago de costas, gastos y honorarios de abogado por temeridad.[2] Según alegó la Asociación

---

[1] Véase, apéndice de la *Apelación*, págs. 15-197.

[2] Específicamente, la Asociación de Propietarios alegó que:

"14. [...] [E] pasado día 13 de noviembre de 2023, el DEMANDADO, NSB, estaba construyendo en su predio pero, eventualmente, rompió una verja en la entrada de la Urb. Vega Serena, específicamente la que da a la rotonda de la entrada, atravesando por la acera y áreas verdes de la entrada.

15. Esta construcción de la alegación anterior se hizo sin contar con un permiso de construcción que autorizara dicha obra.

16. La anterior construcción sin permiso de NSB se hizo en la *entrada* de la Urb. Vega Serena, propiedad sobre la que la APVS tiene el derecho real de garantía inscrito, para asegurar el cumplimiento de la cesión de derechos reales según las leyes; y sin el consentimiento ni transferencia de derecho real de ésta a NSB para dicha construcción.

17. Al ser el derecho real de garantía de la APVS sobre dicha área inscrito en el Registro de la Propiedad, NSB debió tener conocimiento del derecho a favor de los DEMANDANTES, según el principio de publicidad registral.

18. Tras la continuación de la construcción vial de los empleados o subcontratistas de NSB luego de comenzada la obra anterior y que alegamos sin permiso, y por daños a la entrada de la Urb. Vega Serena que atentan contra su derecho real de garantía mencionado, La APVS interpeló a los constructores de NSB, para detener la construcción, en los predios de la Urb. Vega Serena, pero constructores se negaron a detenerse.

19. Tampoco los constructores de NSB mostraron un permiso ni los planos viales aprobados para esa obra que hacían, a pesar de haberle sido solicitada.

20. NSB, con su construcción en la propiedad de la Urb. Vega Serena, han impedido el libre tránsito, de la forma acostumbrada, por los titulares de la urbanización, o sea, de los miembros de la APVS, mediante la obstrucción de la vía de tránsito hacia la Urb. Vega Serena y atentando con añadir el flujo vehicular de 1,499 unidades de vivienda que componen el proyecto La Sabana, en un boulevard de entrada, privado, diseñado para el flujo vehicular de 357 residencias de la Urb. Vega Serena, solamente; a pesar que NSB no tiene ningún permiso de construcción para dicha obra vial en específico.

21. Entonces, ante el anterior escenario y daño, la APVS presentó la acción judicial APVS v NSB, Caso Civil Núm. BY2023CV07110, ante otra sala hermana de este Hon. Tribunal, solicitando *injunction* tradicional, estorbo público, daños y perjuicios y acción reivindicatoria alegando que la APVS tenía derechos propietarios reales sobre dicha área donde construía NSB, que NSB no tenía derecho real alguno sobre dicha área, y que procedía el cese y

de Propietarios, la obra de construcción en controversia interfería con los derechos de los demandantes y le había causado daños a la Urbanización Vega Serena.

El 12 de abril de 2024, NSB presentó ante el TPI la *Moción de Desestimación* que nos ocupa, en la que solicitó la desestimación de la demanda presentada en su contra por la doctrina de cosa juzgada.[3] Alegó que la demanda de la Asociación de Propietarios era un ataque colateral a lo resuelto por el TPI en los casos BY2023CV04670 y BY2023CV07110. En síntesis, explicó que en estos casos entre las partes se resolvió que NSB contaba con las autorizaciones y permisos correspondientes para llevar a cabo los trabajos de construcción asociados al desarrollo del proyecto residencial La Sabana; y que la Asociación de Propietarios no tenía legitimación activa para reclamar derechos propietarios frente NSB. Además, NSB sostuvo que en dichos casos la Asociación de Propietarios estipuló la existencia de los permisos de construcción del proyecto La Sabana, en los cuales está comprendida la obra de construcción del acceso al proyecto que es objeto de la demanda.

El 24 de abril de 2024, la Asociación de Propietarios presentó su *Oposición a Solicitud de Desestimación*,[4] en la que argumentó que en este caso no aplicaba la doctrina de cosa juzgada en cualquiera de sus modalidades por no existir identidad entre las cosas y las

---

desista y la devolución del terreno a la APVS. El anterior caso fue decidido por el Hon. Tribunal, mediante *SENTENCIA* de 23 de febrero de 2024 al efecto, concluyendo que la APVS no tenía legitimación activa porque concluyó que no tenía derechos reales sobre el predio y, por lo tanto, tampoco podía alegar daño.

22. No en balde lo anterior, durante el proceso de vista de *injunction* preliminar del anterior caso salió a relucir que NSB no tenía ningún permiso para la obra de construcción del sistema vial que aquí se impugna.

23. Esta PARTE constató este hecho mediante la obtención de copia del expediente del Permiso para Obra de Urbanización, en el que no se autoriza ninguna obra debidamente endosada por la ACT, ni contiene planos endosados ni ninguna otra autorización al respecto.

24. Por que la construcción de NSB se realiza sin ningún permiso debido para ello, presentamos el siguiente."

[3] Véase, apéndice de la *Apelación*, págs. 460-512.
[4] Véase, apéndice de la *Apelación*, págs. 513-521.

causas de los casos previamente resueltos y este. Alegó que la controversia en BY2023CV04670 estaba relacionada a las tuberías sanitarias y a la conexión del agua potable del proyecto de NSB y no a la falta de permisos de construcción; y que el BY2023CV07110 fue desestimado por falta de legitimación activa, por lo que las determinaciones de hechos de dicho caso eran de naturaleza consultiva y no debían considerarse para propósitos del presente caso. La Asociación de Propietarios aceptó que estipuló la existencia de todos los permisos de construcción con los que contaba NSB para el proyecto La Sabana. No obstante, explicó que en ninguno de estos permisos se autorizaba la obra de construcción que es objeto de la demanda del presente caso.

Finalmente, el 10 de junio de 2024, el TPI dictó y notificó la *Sentencia*[5] aquí apelada, mediante la cual declaró Ha Lugar la *Moción de Desestimación* presentada por NSB. En consecuencia, se desestimó con perjuicio la demanda del presente caso. Además, se le impuso a la Asociación de Propietarios el pago de $1,500.00 por concepto de honorarios de abogado por temeridad, más costas y gastos. En el dictamen apelado, el TPI concluyó que el asunto sobre el cual versaba el presente caso fue resuelto en BY2023CV07110 mediante una sentencia que era final y firme. Al respecto, el TPI explicó que:

> "[…] Según hemos indicado, en el caso previo ya se resolvió que los demandantes no tienen legitimación activa, pues la Escritura 143 no les otorga derecho propietario o real alguno sobre el área que ellos alegan se afecta por las construcciones que realiza NSB. En consecuencia, la acción de la Asociación demandante es cosa juzgada, en su vertiente de impedimento colateral, y no puede relitigar lo que ya se adjudicó en su contra.
>
> Por otro lado, de los hechos surge que la Asociación demandante, más que presentar una acción justiciable, lo que lleva a cabo es una expedición de pesca, buscando un foro que le sea más favorable. No podemos pasar por alto que - aparte del caso BY2023CV07110- en el caso BY2023CV04670 se está tramitando una

---

[5] Véase, apéndice de la *Apelación*, págs. 1-14.

acción judicial que afectará directamente lo que se resuelva en el presente pleito por esta Sala. De hecho, ya hay una Resolución, emitida por la Sala 402 de este Foro, en el caso BY2023CV04670, que incide directamente en el presente pleito y que resuelve hechos esenciales. Allí se emitió un interdicto preliminar -que se encuentra vigente- para que la Asociación cese y desista de obstaculizar las obras de construcción de NSB. En otras palabras, aún si la parte demandante tuviese legitimación activa, la Asociación debió presentar su reclamación dentro del caso BY2023CV04670, y no fraccionar la acción con la esperanza de, al menos, conseguir determinaciones incompatibles y alargar la controversia, sin justificación. Tal conducta procesal constituye un uso indebido de los procesos judiciales y es contraria a los principios que permean nuestro ordenamiento procesal y la sana administración de la justicia, por lo que no podemos pasarla por alto, más aún, tratándose de por lo menos el tercer litigio donde la Asociación reitera los mismos asuntos que se han adjudicado en su contra previamente por otras Salas del Tribunal de Primera Instancia. Consecuentemente, resolvemos que procede imponerle a la Asociación demandante el pago de honorarios de abogado por temeridad, considerando la conducta procesal antes aludida."

En desacuerdo con la determinación del Tribunal de Primera Instancia, la Asociación de Propietarios presentó una *Solicitud de Reconsideración*,[6] la cual fue declarada No Ha Lugar por el TPI mediante la *Resolución* emitida el 27 de junio de 2024 y notificada el 28 de junio de 2024.[7]

Aún inconforme, la Asociación de Propietarios acudió ante nos el 29 de julio de 2024 mediante el presente recurso de *Apelación*, en el que señala los errores siguientes:

**PRIMER ERROR:** ERRÓ EL HON. TPI EN SU SENTENCIA AL DESESTIMAR BAJO LA DEFENSA DE COSA JUZGADA, SEGÚN LA REGLA 10.2 DE LAS DE PROCEDIMIENTO CIVIL, SUPRA, A PESAR [DE] QUE NSB NO CUMPLIÓ CON EL *QUANTUM* DE PRUEBA REQUERIDO ESTATUTARIA Y JURISPRUDENCIAL-MENTE PARA QUE EL HON. TPI PUEDA EVALUAR TAL DEFENSA.

**SEGUNDO ERROR:** ERRÓ EL HON. TPI AL DESESTIMAR LA CAUSA DE ACCION DE EPÍGRAFE, BAJO LA DEFENSA DE COSA JUZGADA, EN SU MODALIDAD DE IMPEDIMIETNO COLATERAL, CUANDO, EN NINGUNO DE LOS CASOS QUE SE

---

[6] Véase, apéndice de la *Apelación*, págs. 525-538.
[7] Véase, apéndice de la *Apelación*, págs. 539-540.

FUNDAMENTÓ, SE ALEGÓ NI SE LITIGÓ SOBRE AUSENCIA O NO DE PERMISOS.

**TERCERO ERROR:** ERRÓ EL HON. TPI EN SU SENTENCIA AL DESESTIMAR BAJO LA DEFENSA DE COSA JUZGADA, EN SU MODALIDAD DE IMPEDIMENTO COLATERAL, CUANDO LA COSA NO ES IGUAL EN NINGUNO DE LOS CASOS EN QUE FUNDAMENTÓ LA MISMA.

**CUARTO ERROR:** ERRÓ EL HON. TPI EN SU SENTENCIA AL DESESTIMAR LA CAUSA DE EPÍGRAFE BAJO LA MODALIDAD DE COSA JUZGADA CUANDO ES ESTRIDENTE QUE NSB NO TIENE PERMISO PARA LA OBRA DE [CIRCULACIÓN] VIAL QUE REALIZA Y LA JUSTICIA Y EL INTERÉS Y POLÍTICA PÚBLICA REQUIEREN DE UN PERMISO PARA LA CONSTRUCCIÓN DE OBRAS DE URBANIZACIÓN QUE TIENEN SISTEMAS VIALES QUE DESEMBOCAN EN CALLES Y CARRETERAS PÚBLICAS.

**QUINTO ERROR:** ERRÓ EL HON. TPI, BASADO EN LOS ANTERIORES ERRORES SEÑALADOS, AL IMPONER HONORARIOS POR TEMERIDAD CONTRA ESTA PARTE CUANDO TRATÓ DE VINDICAR EL INTERÉS Y POLÍTICA PÚBLICA EXPRESOS EN LA LEY NÚM. 161, *SUPRA*, ESTANDO LEGITIMADO PARA ELLO Y CUANDO NO EXISTE NINGÚN IMPEDIMENTO COLATERAL PARA PRESENTAR LA DEMANDA DE EPIGRAFE.

El 19 de agosto de 2024, emitimos *Resolución* concediéndole un término de veinte (20) días a la parte apelada para exponer su posición con respecto al recurso. En cumplimiento con lo ordenado, el 11 de septiembre de 2024, NSB presentó su *Alegato de la Parte Apelada*.

Por tanto, con el beneficio de la comparecencia de ambas partes procedemos a resolver.

**II**

**A.**

El Tribunal Supremo ha señalado que, para que se configure la defensa de cosa juzgada, se tiene que cumplir con los siguientes requisitos: (1) una primera sentencia válida, la cual advino final y firme que adjudicó los hechos y resolvió la controversia en los méritos; (2) las partes en ambos juicios deben ser las mismas; (3) era la misma controversia objeto en cada juicio; (4) que el remedio

que se solicita sea análogo al que se pidió en el caso anterior y, por último, (5) que las partes en ambos litigios comparezcan en la misma calidad. *Figueroa Santiago et als. v. ELA*, 207 DPR 923, 933 (2021), citando a *Beníquez et al v. Vargas et al.*, 184 DPR 210, 221-225 (2012).

El requisito de identidad de causas se refiere al "origen de las acciones o excepciones planteadas y resueltas, y no debe confundirse con los medios de prueba ni con los fundamentos legales de las pretensiones deducidas por las partes". *Presidential v. Transcaribe*, 186 DPR 263, 275 (2012), citando a J.M. Manresa, *Comentarios al Código Civil español*, 5ta ed. rev., Madrid, Ed. Reus, 1950, T. VIII, Vol. 2, págs. 237-42. Entiéndase, que la causa "es el motivo que tuvo el demandante para pedir". *Íd.*, citando a *Beníquez et al. v. Vargas et al.*, supra.  La identidad de cosas significa que el segundo pleito se refiera al mismo asunto que versó el primero, entiéndase, que sea el mismo objeto o materia.

Por otro lado, la identidad de partes requiere que los litigantes hayan sido los mismos y que su comparecencia haya sido en la misma calidad. Finalmente, la identidad de personas se refiere a que los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, o estén unidos a ellos por vínculos de solidaridad o indivisibilidad de prestaciones. En cuanto a la calidad de los litigantes, la doctrina dispone que se trata del carácter en el cual la persona viene al pleito, entiéndase: acreedor, deudor, poseedor, etcétera. *Presidential v. Transcaribe*, supra, pág. 274; *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753, 762 (1981).

Cumplidos estos requisitos, la doctrina de cosa juzgada impide que, luego de emitida una sentencia en un pleito anterior, las mismas partes vuelvan a litigar en un pleito posterior las mismas causas de acción, las controversias ya litigadas y adjudicadas, y aquellas que pudieron haber litigado. *Pérez Droz v.*

*A.S.R.*, 184 DPR 313 (2012); *Mun. de San Juan v. Bosque Real, S.E.*, 158 DPR 743, 769 (2003); *Acevedo v. Western Digital Caribe, Inc.*, 140 DPR 452, 464 (1996).

El impedimento colateral por sentencia es una modalidad de la doctrina de cosa juzgada que no requiere que las controversias objeto del litigio sean las mismas y que surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina mediante sentencia válida y final, y tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén involucradas causas de acción distintas. *Figueroa Santiago et als. v. ELA*, supra, págs. 933-934, citando a *Presidential v. Transcaribe*, supra, págs. 276-277, citando a citando a *Beníquez et al v. Vargas et al.*, supra, pág. 225.

Al igual que la doctrina de cosa juzgada, el impedimento colateral tiene como propósito promover la economía procesal y judicial, proteger a los litigantes contra lo que representa defenderse o probar sus reclamaciones en repetidas ocasiones tratándose de la misma controversia, evitar litigios innecesarios y decisiones inconsistentes. *Íd.*

**B.**

La Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1, atiende lo concerniente al pago de honorarios de abogado en un pleito de naturaleza civil. En lo pertinente, dicha Regla dispone lo siguiente:

> "[…] En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta." Regla 44.1 (d) de Procedimiento Civil, *supra*.

El Tribunal Supremo ha indicado que "el concepto de temeridad se refiere a las actuaciones de una parte que hacen necesario un pleito que se pudo evitar o que provocan la indebida

prolongación del mismo". *Colón Santos v. Coop. Seg. Múlt. P. R.*, 173 DPR 170, 188 (2008) (citando a *Blás v. Hosp. Guadalupe*, 146 DPR 267, 335 (1998)). Véase, además, *S.L.G. Flores-Jiménez v. Colberg*, 173 DPR 843, 867 (2008).

La imposición de honorarios de abogado y su cuantía es una determinación discrecional del tribunal sentenciador, sólo revisable ante indicios de abuso de discreción por parte del juzgador. *Íd.* Sin embargo, una vez determinada la existencia de temeridad, la imposición del pago de honorarios de abogado es mandatoria. *Íd.*

**III**

Evaluados los argumentos expuestos en el recurso de *Apelación* a la luz del derecho expuesto, concluimos que el TPI actuó correctamente al desestimar la acción sobre paralización y demolición de obras no autorizadas al amparo del Artículo 14.1 de la Ley Núm. 161-2009, *supra,* presentada por la Asociación de Propietarios en contra de la compañía desarrolladora NSB, aplicando la defensa de cosa juzgada.

Luego de examinar los expedientes digitales de los casos BY2023CV04670 y BY2023CV07110 en el SUMAC, concluimos que están presentes los requisitos para la aplicación de dicha doctrina. En particular, y contrario a lo alegado por la parte apelante, existe identidad entre las cosas y las causas del caso BY2023CV07110 y el presente. Además, el asunto jurisdiccional resuelto en el caso BY2023CV07110 es esencial para el pronunciamiento de una sentencia. En el BY2023CV07110, mediante una sentencia que es final y firme, se determinó que la parte aquí apelante no tenía legitimación activa para reclamar los mismos daños y remedios que nuevamente solicita en su actual demanda, aunque, distinto a la anterior, esta vez los solicita bajo la Ley Núm. 161-2009, *supra.* La legitimación activa es un requisito procesal esencial que determina si una parte tiene el derecho o la capacidad legal para iniciar un

proceso en los tribunales. Esta busca que "el promovente de [determinada] acción [sea] uno cuyo interés es de tal índole que, con toda probabilidad, habrá de proseguir su causa de acción vigorosamente y habrá de traer a la atención del tribunal las cuestiones en controversia". (citas omitidas) *Ramos, Méndez v. García García*, 203 DPR 379, 435 (2019).

Si se ha decidido previamente que el demandante no tiene legitimación activa, esa determinación impide que el demandante vuelva a presentar una demanda sobre el mismo asunto, ya que la cuestión ha sido resuelta de manera final. Como vimos, la doctrina de cosa juzgada impide que las mismas partes vuelvan a litigar en un pleito posterior las mismas causas de acción, las controversias ya litigadas y adjudicadas, y aquellas que pudieron haber litigado. *Pérez Droz v. A.S.R.*, supra. A su vez, la modalidad de impedimento colateral por sentencia de esta doctrina surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina mediante sentencia válida y final, y tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén involucradas causas de acción distintas. *Figueroa Santiago v. Estado Libre Asociado*, supra, págs. 933-934, citando a *Presidential v. Transcaribe*, supra, págs. 276-277, citando a citando a *Beníquez et al v. Vargas et al.*, supra, pág. 225. De esta forma, se protege la certeza jurídica y se evita la multiplicidad de litigios sobre el mismo asunto, asegurando que las decisiones judiciales sean respetadas y tengan un carácter concluyente.

Por lo tanto, estando presente los requisitos requeridos para que aplicara la doctrina de cosa juzgada, procedía que el TPI desestimara la nueva demanda, ya que el asunto de la legitimación activa había sido resuelto de forma definitiva en el caso anterior.

Finalmente, la Asociación de Propietarios impugna la determinación del TPI de imponerle honorarios de abogados por haber procedido con temeridad en la tramitación de la causa de acción. Específicamente, esta señala que el TPI erró "al imponer honorarios por temeridad contra esta parte cuando trató de vindicar el interés y política pública expresos en la Ley Núm. 161, *supra*, estando legitimado para ello y cuando no existe ningún impedimento colateral para presentar la demanda de epígrafe."

Analizado el expediente del caso ante nuestra consideración a luz de los criterios de adjudicación pertinentes para encontrar a una parte, o a su abogado, temeraria en su proceder judicial, concluimos que no existen indicios de abuso de discreción por parte del tribunal de instancia al determinar que la Asociación de Propietarios había incurrido en temeridad en el trámite del caso y al conceder la imposición del pago de honorarios de abogado.

Por lo tanto, determinamos que no procede nuestra intervención con esta determinación discrecional del tribunal sentenciador.

**IV**

Por los fundamentos expuestos, se confirma la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones